[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on plaintiffs' appeal of the decision of the Zoning Board of Review of the Town of Westerly (hereinafter Board) imposing certain conditions on the grant of a special exception. This appeal is pursuant to R.I.G.L. 1956 (1988 Reenactment) Section 45-24-20.
The plaintiffs are the owners of real estate in the Town of Westerly described as Lots 279, 280, and 281 on Assessor's Plat 165, located in a B-1 zone and totalling 105,000 square feet. The subject property presently consists of 9 two-bedroom dwelling units, an 8 unit motel, restaurants, public bathhouses and rest rooms, and commercial parking lots. The plaintiffs applied to the Board for a special exception pursuant to the Westerly Zoning Ordinance, Section VI of the District Use Regulations, to demolish certain structures in order to construct a beach club with cabanas, a restaurant, and 4 two-bedroom dwelling units. Section VI of the Westerly Zoning Ordinance states, in pertinent part:
 The zoning board may . . . authorize a permit for a use identified in section III . . . as a `special exception.' Such proposed use must meet the following requirements:
 A. It will be compatible with neighboring uses.
 B. It will not create a nuisance in the neighborhood.
 C. It will not hinder the future development of the town.
 In granting a special exception, the board may impose such conditions and time limits on the proposed use as are deemed necessary in order to conform to these requirements.
The Board granted the special exception and approved the proposed beach club but imposed the following conditions. The Board authorized the construction of not more than 200 cabanas with an average size of 8 x 12 with adequate parking. Moreover, the Board required the form of ownership to be through membership only, not through individual ownership as in condo ownership.[1]
The plaintiffs submit that the condo ownership restriction is unlawful in accordance with R.I.G.L. 1956 Section 34-36.1 — 1.06 which states:
 "A zoning, subdivision, building code, or other real estate use law, ordinance, or regulation may not prohibit the condominium form of ownership or impose any requirement upon a condominium which it would not impose upon a physically identical development under a different form of ownership, or otherwise regulate the creation, governance or existence of the condominium form of ownership. Otherwise, no provision of this chapter invalidates or modifies any provision of any zoning, subdivision, building code, or other real estate use law, ordinance, or regulation."
This Court is presented with the narrow issue of determining whether or not the condominium ownership restriction is unlawful. Thus, in reviewing this appeal under R.I.G.L. Section 45-24-20(d) this Court finds that the condition prohibiting the condominium form of ownership, imposed by the Board in granting an otherwise proper exception, is in violation of statutory provisions, in excess of the Board's authority and constitutes a clear error of law. In reviewing the whole record, this Court is aware of the Board's concerns over parking and traffic congestion. However, to restrict a form of property ownership in the hopes of curing a possible parking problem, is clearly an error of law.
For all of the reasons set forth above, this Court grants the plaintiffs' appeal and reverses in part the Board's decision. This Court finds that the special exception was properly granted, however, the Board's imposition of the ownership restriction, that is, "that the form of owners shall be through membership only not through individual ownership as in condo ownership" is reversed.
[1] Transcript dated January 10, 1990 at page 4.